UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SANGO,

    Plaintiff,

v.                                                       Case No.  2:15-cv-106
                                                         HON.  GORDON J. QUIST

TODD BASTIAN, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

        Plaintiff Robert Sango filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Baraga Correctional Facility (AMF) Warden Shane Place, Captain James Schwab, Sergeant Brady Perry, Corrections Officer Todd Bastian, and Corrections Officer James Yankovich.  Plaintiff states that he engaged in litigation before he was transferred to Baraga.  Plaintiff alleges that while he was housed in his previous facility, Corrections Officers Kevin Burns and Watkins attempted to throw him over a rail and offered to pay prisoners to rape Plaintiff's mother.  Officer Burns informed Plaintiff that if he did not stop litigating, Plaintiff would be placed in a holding cell, tasered until he passed out, and then hanged.  Fortunately for Plaintiff, he was transferred out of that facility and sent to Baraga.  However, Plaintiff argues that Officer Burns contacted Defendant Todd Bastian through the local union staff.  Thereafter, Officer Burns allegedly wrote Plaintiff to inform him that he would be dead before September.  A couple of days later, Plaintiff got sick.

Plaintiff alleges that Defendant Bastian told him that Food Service "poisoned" Plaintiff by putting flour in his milk. Plaintiff received soy milk with his religious meals. Plaintiff allegedly suffered with diarrhea, body aches, change in skin color, and vomiting. Plaintiff alleges that Defendant Bastian admitted to another prisoner that he had "poisoned" Plaintiff. Plaintiff allegedly filed a grievance, but he never received a response. Plaintiff alleges that because he refused to let this issue go, other officers were offended. Plaintiff become fearful because September was getting closer. Some of these officers began calling Plaintiff "Bobby-X" in an attempt to get other prisoners to stab Plaintiff. Plaintiff explains that "Bobby-X" provided prison officials with information by naming individual prisoners involved in the assault of a female officer. "Bobby-X" allegedly had a contract out on his life and was an enemy of the Latin Counts gang. Plaintiff states that he is not "Bobby-X."

Defendant Bastian allegedly tried to get the head of the Latin Counts to stab Plaintiff. Plaintiff immediately attempted to submit a grievance to Internal Affairs by handing it to ARUS LeClaire. Plaintiff's goldenrod copy of the grievance was on his cell floor after he returned from the law library. Later, Plaintiff was told by the head of the Latin Counts that officer Dessellier had given him the grievance. As a result, Plaintiff was afraid to leave his cell for fear that he would be assaulted. Defendant Bastian called Plaintiff "Bobby-X." Plaintiff felt that Defendant Bastian was attempting to antagonize him into a verbal altercation. On August 6, 2015, while Plaintiff was walking up the stairs with his lunch, someone yelled "Almighty don't love nobody." At that moment Plaintiff was stabbed in the lower back with a pen. Plaintiff asserts that he did not turn to look or to defend himself, because he recognized his assailant as someone with a "U.P. . . Canadian, Finish (Luck of the Irish) accent."

Plaintiff alleges that as soon as Defendant Bastian began working in his unit, he knew that it was a "set-up." Plaintiff had been confined in AMF and knew how the officers operate. Because these officers are "hunters and fishermen, they will use patience and penology to press or trick a prisoner into reacting to justify assaulting . . . ." Plaintiff alleged that Defendant Bastian was moved to his unit because Plaintiff would not let litigation issues go. Plaintiff asserts that Defendants began a campaign of harassment immediately after he responded to a motion for summary judgment in Case No. 1:15-cv-356. Plaintiff moves for summary judgment against Defendant Bastian (ECF No. 33). Defendant Bastian has filed a response (ECF No. 37) and Plaintiff has filed a reply (ECF No. 53).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477

U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff argues that he is entitled to summary judgment against Defendant Bastian on the retaliation claim.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff alleges that he engaged in protected conduct by filing a lawsuit against Defendant Bastian and that Defendant Bastian took action to get assigned to Plaintiff's unit.  Then Defendant Bastian allegedly stabbed Plaintiff in the back with a pen while Plaintiff was bringing food back to his cell.  Plaintiff asserts that Defendant Bastian made sure he was assigned to Plaintiff's unit to facilitate a retaliatory assault.  Plaintiff argues that he is entitled to judgment if Defendant Bastian fails to refute that he was assigned to Plaintiff's unit after Plaintiff filed a lawsuit.  More specifically, Plaintiff argues that the chronology of events leads to the conclusion

4

that Defendant Bastian assaulted Plaintiff in retaliation for Plaintiff's litigation. Plaintiff alleges that he filed his lawsuit on July 31, 2015, and Defendant Bastian was reassigned to Plaintiff's unit on August 3, 2015. Plaintiff asserts that this chronology of events and the fact that Defendant Bastian stabbed Plaintiff makes retaliation "more probable." (ECF No. 33, PageID.138). Plaintiff has submitted affidavits from two prisoners who state that they witnessed Defendant Bastian stab Plaintiff in the back with a pen. (ECF No. 33-2, PageID.145 prisoner Ranum, and PageID.146, prisoner Bland).

Defendant Bastian argues that Plaintiff is not entitled to summary judgment because there exists genuine issues of material fact regarding Plaintiff's claim of retaliation. Defendant Bastian denies Plaintiff's allegations, and further asserts that he was assigned to the housing unit bubble on August 6, 2015, and did not leave his post during the time that Plaintiff received his lunch. Assistant Resident Unit Supervisor James LeClaire attests that Defendant Bastian did not leave the housing unit bubble post between the hours of 1050 and 1300. (ECF No. 37, PageID.172). He further states that Defendant Bastian did not stab Plaintiff. Corrections officers Dessellier and Ruotsala agree that Defendant Bastian did not leave his post and did not stab Plaintiff. (PageID.175 and PageID.178). Plaintiff has responded to this argument by asserting that "Bubble Staff" work four hours shifts, and Defendant Bastian could have walked away from his area and then returned after the assault.

In the opinion of the undersigned, Plaintiff has failed to establish a lack of a genuine issue of material fact showing that Defendant Bastian stabbed Plaintiff in the back with a pen, or took adverse action against Plaintiff because Plaintiff had filed a lawsuit and grievance against Defendant Bastian. Plaintiff has presented eyewitness testimony in the form of affidavits that

5

Defendant Bastian stabbed Plaintiff with a pen, and Defendant Bastian has presented conflicting affidavits that indicate that he did not stab Plaintiff.    In the opinion of the undersigned, a question of fact exists on Plaintiff's retaliation claim against Defendant Bastian.

In summary, it is recommended that Plaintiff's motion for summary judgment (ECF No. 33) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      March 29, 2017                              */s/ Timothy P. Greeley*
                                                        TIMOTHY P. GREELEY
                                                        UNITED STATES MAGISTRATE JUDGE

6