UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SANGO,

Plaintiff,

v.

Case No. 2:15-cv-106
HON. GORDON J. QUIST

TODD BASTIAN, et al.,

Defendants.
______________________________/

REPORT AND RECOMMENDATION

Plaintiff Robert Sango filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendant Bastian assaulted him due to his grievance filings. Plaintiff alleges that Defendant Bastian stabbed him in the back with a pen in retaliation for Plaintiff's grievance submissions that he had filed against Defendant Bastian. Plaintiff alleges that Defendants Warden Place, Captain Schwab, Lieutenant Yankovich and Sergeant Perry refused to intervene and reassign Defendant Bastian to a different work assignment. Plaintiff supported his claim that Defendant Bastian stabbed him with a pen with the affidavits of prisoners Kevin Himilton (ECF No. 5-1, PageID.19), Jonathon Ranum (ECF No. 33-2, PageID.145), and Johnny Bland (ECF No. 33-2, PageID.146). Each of these prisoner witnesses have been deposed by defense counsel. Each witness denies signing an affidavit and denies witnessing Defendant Bastian stab Plaintiff or admit to stabbing Plaintiff as alleged. Defendants move for summary judgment (ECF No. 56). Plaintiff has filed a response (ECF No. 59). Defendants have filed a reply to Plaintiff's response (ECF No. 61).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff has asserted that Defendant Bastian retaliated against him due to Plaintiff's grievance filings by stabbing him in the back with a pen. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation

claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant Bastian denies that he stabbed Plaintiff. Plaintiff submitted affidavits from three prisoner witnesses which support his claim that Defendant Bastian had stabbed Plaintiff with a pen. This Court denied a previous motion based upon the existence of these prisoner witness statements. (ECF No. 58, PageID264-265, ECF No. 60). Defense counsel has deposed each of Plaintiff's witnesses. Each of the witnesses deny signing an affidavit and each of the witnesses deny the assertions contained in their purported affidavits.

Plaintiff attached an affidavit signed by Kevin Himilton #728062. Whoever signed that affidavit misspelled his last name which is actually Hamilton. Kevin Hamilton was deposed and stated that he did not know Plaintiff, that he never provided Plaintiff with an affidavit or statement, and that he never witnessed a corrections officer stab Plaintiff. (ECF No. 56, PageID.225-229). Prisoner Jonathon Ranum testified that he knew Plaintiff and Defendant Bastian, but denied witnessing Defendant Bastian stab Plaintiff and denied that Defendant Bastian tried to pay him to harm Plaintiff. Prisoner Ranum testified that he never provided Plaintiff with a statement (ECF No. 56, PageID.232-237). Similarly, prisoner Johnny Bland testified that he did not remember an incident where Defendant Bastian stabbed Plaintiff in the back. Further, prisoner

Bland indicated that he did not sign the document that states that he witnessed Defendant Bastian stab Plaintiff in the back. (ECF No. 56, PageID.240-246).

Defendants have submitted witness deposition testimony that establishes that Plaintiff had submitted affidavits or statements from prisoner witnesses who did not sign the affidavits or statements and who deny the assertions made in the affidavits or statements. Plaintiff submitted affidavits purporting to be authored by these prisoners and falsified their signatures without their knowledge. Accordingly, in the opinion of the undersigned, Plaintiff has failed to support his claims with factual evidence.

Further, the imposition of sanctions is appropriate due to Plaintiff's presentation of false witness statements and affidavits. Consequently, this case should be dismissed with prejudice. It is well-established that federal courts have inherent powers to sanction a party's bad-faith conduct during litigation. *See Jones v. Illinois Cent. R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766–67 (1980)). Courts must exercise its inherent powers with restraint and discretion. *Chambers*, 501 U.S. at 44. "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. Courts may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (citation omitted). Moreover, although it is particularly harsh, courts have discretion to dismiss a lawsuit as a sanction. *Id.* at 45. In the opinion of the undersigned, this case should be dismissed because Plaintiff has not presented any evidence which could support his claims. The only evidence that Plaintiff has presented to support his claims is false witness statements that Plaintiff manufactured himself.

Accordingly, it is recommended that Defendants' Motion for Summary Judgment (ECF No. 55) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 13, 2017

*/s/ Timothy P. Greeley*
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE